Filed 3/6/26  P. v. Mendoza CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087150 |
| Plaintiff and Respondent, | (Super. Ct. No. FWV23003646) |
| v. | |
| JASON ALBERTO MENDOZA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Joseph B. Widman, Judge.  Reversed.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Chief Assistant Attorneys General, Maxine M. Hart and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

In 2024, a jury convicted Jason Alberto Mendoza of assault with a deadly weapon and brandishing a deadly weapon.  The charges arose from an altercation in which Mendoza used his car to drive another car off the road, and for displaying a knife during the interaction.  On appeal, Mendoza

contends he was denied his constitutional right to testify in his own defense. The Attorney General concedes the error, and we accept the concession. Accordingly, we reverse the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Alyssa F. and Theresa O. were driving home together around 11:00 p.m. after a family outing at a mountain resort. Alyssa's brother-in-law, Rodolfo A., was driving a vehicle in front of them with his wife and two children. They were traveling on a dark, winding mountain road with one lane in each direction.

Alyssa saw a Chevy sedan driving in the opposite direction. Shortly after, she saw the same sedan tailgating her car. The sedan passed Alyssa on the right. Sometime later, Rodolfo, the sedan, and Alyssa drove onto a highway on-ramp in that order. While on the on-ramp, the sedan stopped suddenly, causing Alyssa to also stop. Rodolfo also stopped his car.

At that point, Mendoza got out of the sedan and walked to Rodolfo's vehicle. Rodolfo got out of his vehicle and the two began to argue. Mendoza then returned to his car and got a knife. Mendoza waved the knife at Rodolfo, held the knife against Rodolfo's stomach and said, "You don't know me ... I'll get people on you guys."

Mendoza then got back into his car and backed his car into Alyssa's car. Alyssa called 911 and police were dispatched to the area while Alyssa remained on the phone with the 911 operator. Sometime thereafter, Mendoza got out of his vehicle, ran at Alyssa with the knife, and hugged the front of her vehicle with the knife in his hand.

Alyssa and Theresa drove away, but Mendoza followed them in his car. On the freeway, Mendoza again tailgated them and came to a complete stop

2

in front of Alyssa and Theresa. He also tried to steer into them from the left, forcing them into the emergency lane to avoid being hit.

The interaction ended when the 911 operator instructed Alyssa to exit the freeway and police units stopped Mendoza. Mendoza told police he was boxed in by Alyssa and Rodolfo. Mendoza also told police that Rodolfo reached into Mendoza's vehicle and attempted to grab the steering wheel. Mendoza, however, quickly changed his story and told officers that Rodolfo walked toward him and reached for his waistband, as if for a gun, though Mendoza never saw a weapon.

Mendoza was arrested and charged with assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)[1]; count 1), making a criminal threat (§ 422, subd. (a); count 2), exhibiting a deadly weapon (§ 417, subd. (a)(1); count 3), and assault with a deadly weapon (§ 245, subd. (a)(1); count 4). After both parties presented their cases in chief, the prosecution dismissed count 2. The jury acquitted Mendoza of count 1 and found him guilty of counts 3 and 4. The court sentenced Mendoza to two years in prison and he timely appealed from the judgment of conviction.

## DISCUSSION

### I

*Additional Background*

As stated, Mendoza asserts on appeal that his constitutional right to testify in his own defense was violated by the trial court. On the last day of trial, around 4:00 p.m., the jury was dismissed for the day. After the jury left, the court discussed scheduling matters with counsel. The prosecutor indicated that he was working on finding a witness to testify in place of

---

[1] Subsequent undesignated statutory references are to the Penal Code.

3

Rodolfo, who was sick, and then would rest the prosecution's case. The court asked Mendoza if he had decided whether to testify, and Mendoza replied, "Not yet." The court adjourned at 4:10 p.m.

At the start of the next day's proceedings, outside the jury's presence, the prosecutor notified the court that he had no further witnesses, and he intended to rest his case. Mendoza and his counsel confirmed Mendoza did not want to testify and waived his right to do so. The court stated it would release the jury for the morning to discuss jury instructions and the defense's motion for acquittal. The jury then entered the courtroom and both parties rested their cases. The court also told the jury that there would be no additional evidence presented. The court admonished the jury and released the jury with directions to return in an hour for closing arguments and jury instructions.

The court then granted a motion by the prosecution to dismiss count 2 and denied the defense's motion for acquittal on counts 1 and 4. After these rulings, Mendoza changed his mind and asked the court to testify. Mendoza's counsel moved to reopen the defense's case and argued that Mendoza's testimony might shed light on the ambiguities that caused the court to deny his motion for acquittal on counts 1 and 4. The prosecutor initially objected to the motion, but then refined his position to ask that if the court reopened the defense's case to allow Mendoza to testify, he be allowed to withdraw the motion to dismiss count 2 if Mendoza's testimony supported the charge.

The court denied the motion to reopen the defense case. The court explained it had relied on defendant's election not to testify in ruling on the acquittal motion, and the People had relied on the election in moving to dismiss count 2. The court also said the defense had not shown good cause to reopen the evidence because a defendant's testimony would always shed light

4

on disputed facts in a trial. The case proceeded to jury instructions and closing arguments.

## II

### *Legal Standards*

"[I]t cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." (*Rock v. Arkansas* (1987) 483 U.S. 44, 49 (*Rock*).) In addition, after a litigant rests their case, the trial court has wide discretion to reopen a criminal matter to receive additional evidence. (*People v. Jones* (2012) 54 Cal.4th 1, 66.) When this court reviews a trial court's decision to preclude the defense from reopening the case to present additional evidence, we must consider four factors: " ' " '(1) The stage the proceedings had reached when the motion was made; (2) the defendant's diligence (or lack thereof) in presenting the new evidence; (3) the prospect that the jury would accord the new evidence undue emphasis; and (4) the significance of the evidence.' " ' " (*People v. Masters* (2016) 62 Cal.4th 1019, 1069.)

The trial court's denial of Mendoza's request to testify is subject to the "harmless beyond a reasonable doubt" standard enunciated in *Chapman v. California* (1967) 386 U.S. 18, 24 (*Chapman*). (See *People v. Allen* (2008) 44 Cal.4th 843, 871–872.)

## III

### *Analysis*

Mendoza asserts, and the Attorney General agrees, that the trial court erred when it denied Mendoza his constitutional right to testify in his own defense, and that the error was not harmless beyond a reasonable doubt.

As stated, this court reviews the trial court's ruling denying Mendoza's request to testify by applying a four-factor test. With respect to the first

5

factor, the state of the proceeding, when the defendant has recently rested his case, closing argument has not begun, and the jury has not been instructed, "granting defendant's request [does not] entail[ ] any great inconvenience." (*People v. Carter* (1957) 48 Cal.2d 737, 757.)  As the parties here agree, there was an exceedingly short period of time between when Mendoza rested his case and the court's denial of his request to reopen the evidence.  Indeed, only 25 minutes passed between when the defense rested and when Mendoza expressed that he wished to testify.  There would have been minimal inconvenience since the jury was on a recess, and the flow of trial could have continued with no disruption.  This factor weighs heavily in favor of finding the court abused its discretion by denying the motion to reopen the evidence.

With respect to the second factor, the appellant's diligence, the trial court asserted it could not reopen the case because the defense had moved for acquittal, and the prosecution had dismissed count 2.  This rationale is not supported by the law.  Section 1118.1 provides, "In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal.  *If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right*."  (Italics added.)  Thus, under this provision, the defendant may offer evidence after a motion for judgment of acquittal is denied and the defendant is not required to reserve the right to testify before making the motion.

6

Here, the court took Mendoza's waiver and allowed the defense to rest *before* hearing its motion for acquittal. Thus, when Mendoza decided to testify, the defense had to make a motion to reopen, which the court denied. Under section 1118.1, the court should have ruled on both the motion for acquittal and the prosecutor's motion to dismiss before inquiring about Mendoza's decision to testify. Had this procedure been followed, Mendoza would have had the opportunity to offer evidence after the denial of the motion for judgment of acquittal. Further, the prosecutor stated he did not object to the testimony so long as he could withdraw his motion to dismiss count 2. The court's basis for denying Mendoza's request to testify is not supported by the law and the facts here do not show a lack of diligence on Mendoza's part.

The third factor is whether reopening the case will cause the jury to give undue emphasis to the new evidence. " '[A] jury may accord undue weight to evidence which is admitted close to the time deliberations begin.' " (*People v. Funes* (1994) 23 Cal.App.4th 1506, 1521.) Here, at the time Mendoza changed his mind, the jury had not been told whether he intended to testify. Further, although the court had advised the jury that the presentation of evidence was complete, that advisement occurred only shortly before Mendoza changed his mind. For these reasons, we have no reason to believe that the jury would have afforded undue weight to Mendoza's testimony if the court had reopened the defense case and this factor also shows an abuse of discretion.

The final factor, the significance of the evidence, also shows error by the trial court. "[T]he most important witness for the defense in many criminal cases is the defendant himself." (*Rock, supra,* 483 U.S. at p. 52.) This was not a lopsided case with overwhelming and incontrovertible

7

evidence of guilt, as demonstrated by the jury's acquittal on count 1. As the Attorney General points out, courts "must evaluate whether the interests served" by restricting a defendant's right to testify "justify the limitation imposed" on this most basic right of a defendant in a criminal case—to "present his own version of events in his own words." (*Rock,* at pp. 51–52, 56.) Here, the trial was relatively short and involved a single defendant, and the jury instructions and closing arguments had not yet occurred at the time Mendoza made his request. Mendoza's testimony may have been highly significant and could have altered the outcome of the case. Under this four-factor test, the court's decision constituted an abuse of its discretion.

Finally, as the parties agree, the error was not harmless beyond a reasonable doubt. (See *Chapman, supra,* 386 U.S. at p. 24.) The jury deliberated for over three hours and acquitted Mendoza of count 1, suggesting it entertained doubts about at least certain aspects of the prosecution's case. It cannot be said that the jury necessarily would have reached the same result if the court had permitted Mendoza to testify.

DISPOSITION

The judgment is reversed.

McCONNELL, P. J.

WE CONCUR:

IRION, J.

HUFFMAN, J.*

---

\*     Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.